Charles Wesley ENGLISH, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15278.

Court of Criminal Appeals of Oklahoma.

Dec. 3, 1969.

Don Anderson, Public Defender, Oklahoma County, for plaintiff in error.

G. T. Blankenship, Atty. Gen., W. Howard O'Bryan, Asst. Atty. Gen., for defendant in error.

NIX, Judge.

Charles Wesley English, plaintiff in error, hereinafter referred to as the defendant, was charged, tried by jury while represented by court-appointed counsel, and convicted in the District Court of Oklahoma County of Burglary in the Second Degree, After Former Conviction of a Felony, case number 30366. Judgment and sentence, in accord with the jury's verdict, was imposed on February 26, 1965, sentencing defendant to eighteen years imprisonment. By order of this Court dated March 19, 1969, in case number A–15,033, this Court granted defendant a Post-Conviction Appeal; and the District Court, by order dated March 25, 1969, appointed the Public Defender, Mr. Don Anderson, to represent defendant on appeal.

The evidence indicates that on April 12, 1964, an Oklahoma City cafe was burglarized with entrance gained through an exhaust fan vent in the kitchen. Greasy tracks led from the vent to where the money had been hidden and to the back door where exit was made. Approximately $121.40 was missing and also a check made payable to the cafe. Police officers, in checking out a list of present and former employees, went to the home of a dishwasher, James Monroe Armstrong, who was sixteen years old and living with his father and stepmother, Mr. and Mrs. Curtis Armstrong. Two officers knocked at the door and were met by Armstrong's father, who invited the officers in after they stated they wanted to talk to James Armstrong concerning a burglary. The officers went to the bedroom of the Armstrong boy and noticed a shirt, blue jeans, and shoes saturated with grease. The officers talked with the Armstrong boy and then with his father and stepmother. The defendant, brother of Mrs. Armstrong, was residing at the house and in bed at the time of this investigation. The officers noticed a throw-over seat cover smudged with cooking grease in the front seat of defendant's car, which was parked in the driveway of the Armstrong house. The officers then went to the back yard of the Armstrong house where they found a sack containing $39 in change and a check made payable to the burglarized cafe. The officers then re-entered the house, arrested the defendant, and upon searching him, found $62 in currency in his billfold. At the trial, the Armstrong boy testified that he and the defendant had burglarized the cafe at the suggestion of the defendant; that defendant took the money saying he would later split it with Armstrong.

On appeal, it is defense counsel's contention that evidence obtained by an unlawful search and seizure was admitted improperly and that if this evidence was excluded there would be no legal corroboration sufficient to support the verdict. State's Exhibit No. 1 consisted of the Armstrong boy's grease covered shirt, jeans and shoes, the seat cover smudged with grease, and a screwdriver. Exhibit No. 2 was the coins and check recovered in the search of the back yard. All of these items were seized before any arrest. The $62 in currency taken by the search of the defendant followed his arrest. Defendant contends that as there was no search warrant nor arrest warrant, the search was unlawful because the defendant did not consent to it. It is argued that as the defendant was living at the house at the time, the invitation to the officers by the Armstrong boy's father to enter the house was not sufficient as consent or waiver from the defendant, citing Simmons v. State, 94 Okl.Cr. 18, 229 P.2d 615; Jones v. United States, 362 U.S. 257, 80 S.Ct. 725, 4 L.Ed.2d 697; Bumper v. North Carolina, 391 U.S. 543, 88 S.Ct. 1788, 20 L.Ed. 2d 797.

Exhibits 1 and 2, contends counsel for the defense, stem from an unlawful search and arrest and is thus the "fruit of the poisonous tree" prohibited from admission in the trial, according to Wong Sun v. United States, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441. The evidence, concludes defense counsel, was inadmissible and the exclusionary rule is binding upon the state courts. Mapp v. Ohio, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081.

■ Although there may be some academic merit in the theory of the defendant, it is a well-established rule of this Court that the privilege of immunity against illegal search is a personal right to the accused and will be considered waived, unless timely objection to introduction of evidence obtained by such search is interposed on such grounds. Rasbury v. State, Okl.Cr., 303 P.2d 465 (1956); Pennington v. State, Okl.Cr., 302 P.2d 170 (1956).

■ This Court recently held in Thigpen v. State, (opinion of November 19, 1969), Okl.Cr., 462 P.2d 270:

"An objection to evidence obtained by illegal search and seizure must be interposed at first opportunity and should be made either at beginning of trial by

motion to suppress evidence or in course of examination as soon as it becomes apparent that state will rely thereon, and defendant failing to make timely objection waives right to be heard on such questions."

In the instant case, it does not appear that defense counsel filed a motion to suppress the evidence or sought any hearing on the basis that the evidence against the defendant was the result of an illegal search and seizure. While the state was offering Exhibit No. 2, the coins and check recovered in the backyard, defense counsel did object to the admission of this evidence "because it was not properly confiscated as evidence and because of the probable unlawful search and seizure." No motion was made and no further offering made in support of the objection. This objection was overruled and the exhibit admitted.

■ Since the only objection raised by the defendant was as to the evidence found in the backyard of the Armstrong home consisted of coins and a check to the burglarized restaurant, defendant has waived any privilege of immunity against an illegal search which resulted in the other evidence admitted at his trial. The evidence objected to, even if the result of an improper search and seizure was not the key or essential evidence resulting in defendant's conviction. Indeed this evidence was only accumulative regarding the guilt of defendant. Even if this evidence had not been admitted the other evidence especially the testimony of the Armstrong boy would have amply supported defendant's conviction. It is further noted that no objection was made to the testimony of the Armstrong boy on the basis that it was the result or "fruit" of an illegal search and seizure. It is further noted that Exhibit No. 1 Armstrong's clothing covered with grease was identified by Armstrong without objection by defense counsel.

■ We therefore conclude that by defendant's failure to file a motion to suppress evidence or otherwise timely object to the evidence which sustains the jury's verdict he has waived the privilege against illegal search and cannot attack his conviction on that basis. Since the exclusion of the only evidence to which defendant made a timely objection would have made no material change in the evidence submitted to the jury we conclude that the evidence was sufficient and amply supported the verdict of the jury, and that, accordingly, the judgment and sentence must be affirmed.

Affirmed.

BRETT, P. J., and BUSSEY, J., concur.